UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LISA A. JOHNSON, Plaintiff,

v. Civil Action No. 3:15-cv-706-DJH

DOLLAR TREE STORES, INC., et al., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lisa A. Johnson requests that the Court remand her case to Nelson County Circuit Court. (Docket No. 6-1) Although she, a Kentuckian, sued Kim Cundiff, also a Kentuckian, and Dollar Tree Stores, Inc., whose principal place of business is in Virginia, the defendants claim that diversity jurisdiction removal is proper because Johnson fraudulently joined Cundiff. (D.N. 1, 9) The Court disagrees and will grant Johnson's motion to remand.

**I.     BACKGROUND**

Johnson alleges that she suffered personal injury at a Dollar Tree store in Bardstown, Kentucky. (D.N. 1-2, PageID # 9-10) She sued Dollar Tree and Cundiff in state court. (*Id.*) Her complaint did not allege an amount in controversy. (*Id.*) The defendants contend that they were unaware of the amount in controversy, which exceeds $100,000, until receiving an answer to an interrogatory. (D.N. 1, PageID # 3) Within thirty days of receiving this answer, the defendants removed the case to this Court under 18 U.S.C. § 1441(b), alleging that the Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. (*Id.*, PageID # 4) The defendants argue that Johnson fraudulently joined Cundiff, whose presence defeats complete diversity, and thus diversity exists. (*Id.*, PageID # 3)

1

Johnson has filed a motion to remand. (D.N. 6) She claims that removal was untimely, that she has a colorable claim against Cundiff, and that she is entitled to attorney fees. (D.N. 6-1)

## II. ANALYSIS

### A. Timeliness

Removal of this case was timely. Defendants have thirty days to file a notice of removal "after receipt by or service on that defendant of the initial pleading." 28 U.S.C. § 1446(b)(2)(B). But the thirty days only run "if the initial pleading contains solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). If not, then "the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or *other paper*' that contains solid and unambiguous information that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3) (emphasis added)). The Sixth Circuit has held that answers to interrogatories count as "other paper." *Id.* at 365 (internal quotations omitted).

Johnson's complaint lacked solid and unambiguous information that the amount in controversy was over $75,000. (D.N. 1-2, PageID # 10-11) It simply states her claims against the defendants and unspecified damages. (*Id.*) She argues that a "*fair reading* of the value of the claim is well in excess of the jurisdictional amount." (D.N. 10, PageID # 140 (emphasis added)) This is not the standard. But even if a "fair reading" were the standard, the Court disagrees with Johnson's conclusion because damages in personal injury cases can vary widely. Accordingly, the Court finds that the record supports the conclusion that the defendants did not have "solid and unambiguous information" regarding the amount in

controversy until Johnson stated that she was seeking over $100,000 in an answer to an interrogatory. *Id.* at 364; (D.N. 1, PageID # 3).

### B. Fraudulent Joinder

"When considering a motion to remand, the Court must examine whether the case was properly removed to federal court." *Graves v. Standard Ins. Co.*, 66 F. Supp. 3d 920, 922 (W.D. Ky. 2014) (internal quotations omitted). Removal based on diversity jurisdiction must have both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

When a non-diverse party has been joined as a defendant—as here—then "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). The relevant inquiry for a fraudulent joinder claim is whether Johnson "had at least a colorable cause of action against" Cundiff in Kentucky state courts. *Jerome-Duncan*, 176 F.3d at 907. The question, then, "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Indeed, the standard in determining whether the cause of action is colorable is more lenient than the Rule 12(b)(6) motion to dismiss standard. *Casias*, 695 F.3d at 433. "Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Hix v. Affiliated Computer Servs., Inc.*, No. 5:08–521, 2009 WL 2240548, at *2 (E.D. Ky. 2009) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). And notably,

this Court must resolve "[a]ll disputed questions of fact and ambiguities in the controlling . . . state law in favor of the [non-removing party]." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal quotations omitted).

Johnson has a colorable claim of negligence against Cundiff. Though the defendants allege that Cundiff's manager role was minimal, which it may have been, her maintenance duties included "inspecting the premises and recognizing and reporting defects or hazards." (D.N. 9-3, PageID # 131) She also hired employees, albeit in collaboration with Dollar Tree's corporate office. (*Id.*) Under Kentucky law, a "negligence action requires: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Cua v. Pilot Travel Ctrs., LLC*, No. 11-76-C, 2011 WL 1832152, at *2 (W.D. Ky. 2011) (quoting *Mullins v. Commonwealth Life Ins. Co.,* 839 S.W.2d 245, 247 (Ky.1992)). And an employee whose negligent act created the liability may be joined as a defendant. *Id*. (citing *Enos v. Ky. Distilleries & Warehouse Co.,* 189 F. 342, 346 (6th Cir. 1911); *Brewer Machine v. Old Nat'l Bank,* 248 F.R.D. 478, 481 (W.D. Ky. 2008)); *see also Conn v. Markwest Hydrocarbon, Inc.,* No. Civ. A. 05–67, 2006 WL 782728, *5 (E.D. Ky. 2006) ("The employee can owe a duty to third parties that arises from and is dependent upon his particular position for the employer."). The Court makes no finding as to the merits of Johnson's claim against Cundiff. It recognizes, however, that Johnson has a colorable claim under Kentucky law that Cundiff was negligent in both her inspection of the premises and hiring of employees.

The defendants cite *Smith v. Grubb*, No. 2012-CA-000223, 2014 WL 4782937 (Ky. Ct. App. Sept. 26, 2014) as an analogous case to the one here. (D.N. 9, PageID # 119) But the Supreme Court of Kentucky granted discretionary review of *Smith*, which means that, pursuant to Ky. R. Civ. P. 76.28(4), *Smith* "shall not be cited or used as binding precedent in

any other case in any court of this state." The defendants also cite *Bradford v. Lexington Fayette Urban Cty. Gov't*, No. 2004-CA-000356-MR, 2005 WL 327177 (Ky. Ct. App. Feb. 11, 2005), as an analogous case. But, *Bradford* is also unpublished and not binding precedent pursuant to Ky. R. Civ. P. 76.28(4). Even if both *Smith* and *Bradford* were applicable, neither case establishes that a store manager cannot be held liable for a customer's injuries under circumstances similar to those here. *See Smith*, 2014 WL 4782937; *Bradford*, 2005 WL 327177. Cundiff's level of control is unclear, but any factual ambiguities are to be resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493. The Court is therefore unpersuaded by either case. Instead, the Court views Johnson's claims against Cundiff as colorable under Kentucky law. Because Cundiff is a proper party and her presence defeats diversity, the Court will grant Johnson's motion to remand.

### C. Attorney Fees

Johnson is not entitled to attorney fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There are no unusual circumstances in this case. The defendants' arguments were not sufficiently weak to warrant awarding attorney fees, nor was there any significant delay or and discovery expenses. *See Cua*, 2011 WL 1832152, at *2.

### III. CONCLUSION

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Plaintiff's Motion to Remand (D.N. 6) is **GRANTED**. This case is **REMANDED** to Nelson County Circuit Court, in accordance with 28 U.S.C. § 1447(c).

(2) This action is **STRICKEN** from the Court's active docket.

January 8, 2016

**David J. Hale, Judge
United States District Court**